1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDOL NOVIN and POOYA POURNADI,    ) | Case No.:  5:14-CV-1218-LHK |
| ) | |
| Plaintiffs,    ) | ORDER GRANTING MOTION TO |
| v.    ) | DISMISS |
| ) | |
| GAIL FONG; ROBERT COOK; CALIFORNIA ) | |
| DEPARTMENT OF MOTOR VEHICLES; and  ) | |
| TWENTY UNKNOWN DMV EMPLOYEES,    ) | |
| ) | |
| Defendants.    ) | |
| _____ ) | |

Plaintiffs Abdol Novin and Pooya Pournadi (collectively, "Plaintiffs") bring this case

against Gail Fong, Robert Cook, and the California Department of Motor Vehicles (collectively,

"Defendants") for violations of 42 U.S.C. § 1983 ("§ 1983"), intentional interference with

prospective economic advantage, negligent and intentional interference with business relations, and

inverse condemnation.  ECF No. 1 ("Compl.").  Before the Court is Defendants' Motion to

Dismiss.  ECF No. 22 ("Mot.").  Having considered the submissions of the parties and the relevant

law, the Court hereby GRANTS Defendants' Motion to Dismiss.

1

## I.      BACKGROUND

### A.   Factual Background[1]

Abdol Novin ("Novin") is the owner of property located at 3275 Stevens Creek Boulevard, San Jose, California ("the Property"). *See* Compl. ¶ 4.  The Property has been "exclusively and continuously rented and fully occupied by car dealerships since it was erected in 1961." *Id.* at ¶ 9. Novin purchased the Property in 2007, but had to renovate and repair the Property in 2009 after storm damage. *See id.* at ¶ 10.  Thereafter, Novin successfully obtained a reissuance of Use Permits from the City of Santa Clara to use the Property for retail car dealerships. *See id.* at ¶ 11.

Pooya Pournadi ("Pournadi") is a tenant[2] of Novin who wished to operate a car dealership business at the Property. *See* Compl. ¶ 4.  After the 2009 renovations, Pournadi and other tenants of the Property applied to the California Department of Motor Vehicles ("DMV") for dealership permits.

Throughout the Complaint, Motion to Dismiss, and other papers, Plaintiffs and Defendants sometimes refer to the application for a dealership "permit" and at other times refer to the application for a dealership "license," using the terms interchangeably.  Although the Complaint refers to both a "permit" and a "license," the application at issue appears to be for a dealer's license as indicated in Plaintiff's Opposition to the Motion to Dismiss.  Opp'n at 22 (referring to dispute over "whether or not to issue a license for a car dealership").  The parties do not indicate that there is any substantive difference between a "permit" and a "license."  The Court notes that California Vehicle Code § 11719 allows for issuance of a temporary dealership *permit* for up to 120 days while the DMV determines whether or not to issue a dealership *license*.  The Court construes the Plaintiffs' claims broadly to encompass claims of denial of due process relating to both the denial

---

[1]      The Court takes all facts alleged in the Complaint as true.

[2]      It is not clear from the Complaint and Opposition whether Pournadi was a previous tenant of Novin, or if Pournadi is applying for a permit to operate a car dealership at the Property for the first time. *See* Compl. at ¶ 11 ("several previous and potential tenants, including Pournadi, applied for permits . . ."); *id.* at ¶ 4 (Pournadi "is a tenant of Novin"); Opp'n at 8 (referring to "Pournadi and the other potential tenants").

2

of temporary permits and licenses.  The Court uses the term "permit" to encompass both a dealership "permit" and a dealership "license."

The DMV and its employees Gail Fong ("Fong") and Robert Cook ("Cook") refused to issue the permits.  *See id.* at ¶¶ 5, 11, 14.  Defendants denied the permits because the Property, or the tenants' use of the Property, did not comply with California Vehicle Code § 11709 ("§ 11709") and California Code of Regulations Title 13, § 270.08 ("§ 270.08").  *See id.* at ¶ 11.  It is not clear from the Complaint whether the deficiencies are in the Property or in the dealer-tenants' use of the Property.  Section 11709 lists requirements for the display of dealership permits, and § 270.08 lists requirements for the display area of the dealer.  In denying the permits, Defendants did not precisely explain how Novin's building, or the tenants' use of the building, was not in compliance with the cited law and regulation.  *See id.* at ¶11.

After multiple inquiries by Novin to understand why the permit applications of Pournadi and others were denied, he was informed that "[w]hen an established place of business is not conducive to retail sales, it often results in vehicles being displayed and sold from unlicensed locations."  Compl. ¶ 13.

Since 2009, the Property "has remained vacant for the most part."  Compl. ¶ 15.  Novin has tried to rent out the Property to other businesses without much success, because the property is located and configured for use by single car dealers.  *See id.* at ¶ 15.

### B.   Procedural Background

On March 14, 2014, Plaintiffs filed their Complaint against Defendants for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1988, intentional interference with prospective economic advantage, negligent and intentional interference with business relations, and inverse condemnation.  Compl. ¶¶ 2, 16-39.  Plaintiffs allege that Defendants denied a permit to Pournadi "without any rational or lawful explanation."  *See id.* at ¶ 14.  Pournadi alleges that because he could not obtain the relevant permit from the DMV, he lost money that he spent obtaining other permits from the City and

3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

County to run his dealership business at the Property.  *See id.*  Novin alleges that because previous tenants and potential tenants like Pournadi cannot obtain permits from the DMV, he has lost income because he is unable to rent the Property to car dealers.  *See id.* at ¶ 15.

On September 5, 2014, Defendants filed a Motion to Dismiss.  ECF No. 22.  Plaintiffs filed an Opposition, ECF No. 28 ("Opp'n"), to which the Defendants filed a Reply, ECF No. 29 ("Reply").  Pursuant to the Court's request, ECF No. 31, the Plaintiffs filed Supplemental Briefing regarding exhaustion, ECF. No. 32.

## II.    LEGAL STANDARDS

### A.  Motion to Dismiss Under Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).  Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the party asserting jurisdiction bears the burden of establishing the court's jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Barnum Timber Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011) (at the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" how the standing requirements are met).

### B.  Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.  Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his [constitutional] claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

### C.  Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).  Accordingly,

5

leave to amend is denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III.   DISCUSSION

The Court first addresses Defendants' argument that Plaintiff Novin lacks standing, as standing is a prerequisite to the Court's jurisdiction.  Second, the Court addresses whether Plaintiffs exhausted their state remedies before filing their Complaint.  Third, the Court turns to the Defendants' immunity arguments, addressing in turn the DMV's immunity under the Eleventh Amendment, Cook and Fong's qualified immunity to damages suits under § 1983, and state law licensing immunity.  Finally, the Court addresses whether Cook and Fong can be liable for injunctive or declaratory relief under § 1983.

### A.  Plaintiff Novin Has Article III Standing

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To have Article III standing, a plaintiff must plead and prove that he or she has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution.  *See Clapper v. Amnesty Int'l*, 133 S.Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))).  To establish Article III standing, a plaintiff must establish: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that this injury is fairly traceable to the challenged action of the defendant; and (3) that this injury is redressable by a favorable ruling from the court.  *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Defendants challenge each of the three standing requirements.  Combining the first two requirements, Defendants argue that Novin has not shown any personalized injury from the denial of permits to Pournadi and other tenants, and that to the extent Novin has an injury it was not fairly traceable to the denial of the permits.  Defendants then turn to the third requirement, arguing that Novin's injury is not redressable because Novin cannot obtain injunctive relief ordering any of the Defendants to issue the permits.

As to the first and second standing requirements, Defendants argue that Novin lacks standing to assert his constitutional claims under § 1983 because he has not identified a concrete and particularized injury resulting from the denial of dealership permits to Pournadi and other tenants.  *See* Mot. at 5-6.  Defendants further argue that Plaintiffs have not sufficiently pled a causal connection between the denial of the permits and any injury to Novin.  *See id.*  Defendants suggest that Novin's injury (i.e. the loss of rents at the Property) is speculative, and more obviously caused by "the 'Great Recession' . . . poor management, or excessively high rents." *Id.* at 6.

Plaintiffs argue that Novin has a concrete injury in the form of lost rents and diminished value of the Property.  *See* Opp'n at 13-14.  Plaintiffs also argue that the denial of the permits to Pournadi and others injured Novin because, in denying the permits, Defendants "were passing judgment on Novin and his building."  *Id.* at 13.  Plaintiffs point out that a reason given for denying the permits was that the "established place of business is not conducive to retail sales [which] often results in vehicles being displayed and sold from unlicensed locations."  Compl. ¶ 13.

The Court agrees with Plaintiffs that Novin has plausibly alleged that he suffered a concrete and particularized injury, fairly traceable to the denial of permits to Pournadi and other tenants.[3] Plaintiffs allege that the DMV denied multiple permits to tenants and potential tenants of the

---

[3]    Defendants' argument that Plaintiffs have not adequately alleged causation, Mot. at 4-5, is rejected for similar reasons.  Although Plaintiffs do not attach any exhibits to their Complaint evidencing that Cook and Fong were personally involved in the denial of the permits, Plaintiffs have specifically alleged that Cook and Fong were responsible for denying Pournadi's and others' permits. *See, e.g.,* Compl. ¶¶ 13, 14, 17, 20.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Property, and allege harm specific to Novin resulting from the denials.  *See* Compl. ¶ 11.  For example, Novin spent money obtaining his own permits from the City of Santa Clara, and spent money purchasing and renovating the Property for the purpose of continuing to rent it as a car dealership.  *See id.*  The denial of permits to potential tenants prevented Novin from using his property for its intended purpose.  Although there may be other causes for the failure of Novin's business, the alleged inability of his tenants to obtain permits is plausibly related to Novin's harm.  A claim of injury to the value of property is a type of concrete and particularized injury sufficient for standing.  *See Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 (9th Cir. 2008).  Plaintiff Novin has a concrete and particularized injury both in the form of lost rents and in the diminished value of his property.  The injury was plausibly caused by the denial of permits to Pournadi and other tenants.  Therefore, Novin has met the first two standing requirements: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; and (2) that this injury is fairly traceable to the challenged action of the defendant.  *Monsanto*, 561 U.S. at 149.

As to the third standing requirement, redressiblity, Defendants argue that because Novin cannot obtain injunctive or declaratory relief ordering any Defendant to issue the permits in question, Novin's injury is not redressable.[4]  Defendants' argument regarding injunctive or declaratory relief is not persuasive because monetary damages could compensate Novin for his alleged financial harms, without requiring injunctive or declaratory relief.

Novin has established standing for his claims by plausibly alleging that the Defendants' denial of permits to tenants has harmed his financial interests in the Property, and that through monetary relief his claims may be redressed.  *Monsanto*, 561 U.S. at 149.

---

[4]     The Court addresses the availability of injunctive relief against all Defendants separately.

Case No.:  5:14-CV-1218-LHK
ORDER GRANTING MOTION TO DISMISS

### B. Plaintiffs Are Not Required to Exhaust Administrative Procedures Before Pursuing Their Due Process Claims

Defendants argue that Plaintiffs must fully exhaust any state administrative procedures before filing a § 1983 takings claim. Mot. at 12.[5] The Court rejects this argument because Plaintiffs are not alleging a taking, only a due process violation, and are not required to exhaust state remedies before bringing a § 1983 due process claim.

Plaintiffs are not normally required to exhaust their administrative remedies before bringing a § 1983 action. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). However, when a plaintiff challenges state action as a taking, the § 1983 claim is not ripe unless the state action is final and the plaintiff has sought compensation for the taking through state procedures. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985); *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 657 (9th Cir. 2003). But "the rationale for requiring exhaustion of state compensation remedies in taking cases does not extend to a claim that plaintiffs were denied due process." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1404 (9th Cir. 1989), overruled on other grounds by *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996).

Defendants argue that when a business property owner applies for a permit and the denial effectively puts the owner out of business, his challenge to the denial of the permit must be construed as a takings challenge, and the party must exhaust his administrative remedies, citing *Patel v. Penman*, 103 F.3d 868, 875 (9th Cir. 1996). Mot. at 12. *Patel* is no longer good law. *Patel* applied the rationale of *Armendariz* to find that the plaintiffs' due process claims were preempted by the Takings Clause. *Armendariz* has now been overruled. *See Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855-56 (9th Cir. 2007).

---

[5]    The Court does not address whether exhaustion applies to Plaintiffs' state law claims, and dismisses the state law claims on the basis of licensing immunity, as discussed in Part III. E., *infra*.

Case No.: 5:14-CV-1218-LHK
ORDER GRANTING MOTION TO DISMISS

*United States District Court*
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants also cite to *Richards v. Dep't of Alcoholic Beverages Control*, 42 Cal. Rptr. 3d 782 (Ct. App. 2006), for support that Plaintiffs must exhaust their administrative remedies.  Reply at 6.  *Richards* only applies the doctrine of exhaustion to California state law due process claims, not to federal due process claims.  42 Cal. Rptr. 3d at 788-89.  Accordingly, Plaintiffs are not required to exhaust their state law remedies before filing a federal due process challenge.  *Patsy*, 457 U.S. at 516; *Milleman v. Multnomah Educ. Serv. Dist.*, 168 F.3d 500 (9th Cir. 1999) (unpublished).

The Court requested supplemental briefing from Plaintiffs on the issue of exhaustion, specifically inquiring as to whether Plaintiffs filed an appeal under California Vehicle Code § 11708 ("§ 11708").  *See* ECF No. 31.  Section 11708 provides:

> (a) Upon refusal of the department to issue a license and special plates to a manufacturer, manufacturer branch, remanufacturer, remanufacturer branch, distributor, distributor branch, transporter, or dealer, the applicant shall be entitled to demand, in writing, a hearing before the director or his or her representative within 60 days after notice of refusal.
> (b) The hearing shall be conducted pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.

Plaintiffs responded and acknowledged that they did not formally invoke § 11708, but argued that § 11708 did not apply to them and that any appeal under § 11708 would have been futile.  ECF No. 32 (Supp. Br.).

First, Plaintiffs argue that § 11708 does not apply because it is related to the issuance of "a license and special plates," where here Plaintiffs were only seeking  permits, and no special plates.  Because Plaintiffs have never identified the precise authorization they were seeking from the DMV, it is difficult to evaluate the merits of Plaintiffs' position.  However, the Court proceeds on the assumption that Plaintiffs were applying for dealership permits and licenses under California Vehicle Code §§ 11701 and 11719, as evidenced by their Complaint, which contains numerous

10

United States District Court
For the Northern District of California

references to dealership permits and licenses.[6]  Moreover, § 11708 applies to a "dealer" and appears in the same Chapter as §11709, which the DMV stated as the basis for denying the dealership permits.  *See* Cal. Veh. Code, Div. 5, Ch. 4 ("Manufacturers, Transporters, Dealers, and Salesman").  Section 11708 would therefore apply to Plaintiffs.

In support of their argument that an appeal would be futile, Plaintiffs provided a letter written by Novin to Defendant Fong as evidence that Plaintiffs attempted to seek review of the denial of the permits.  ECF No. 32-3.  Novin's letter to the DMV notes that delays relating to the permits have "gone on for months" while the DMV is "looking into [the permits]," and calls the delays "unacceptable."  ECF No. 32-3.  Novin's letter asks Fong to "clarify this situation," and discusses a problem with the mailing address associated with the Property.  *Id.*  Novin's letter does not specifically challenge the denial of permits, address either § 11709 or § 270.08, or request a hearing.

The Court does not agree that this letter shows that an appeal under § 11708 would have been futile.  First, the letter does not indicate that an applicant, rather than Novin as the owner of the building, attempted to appeal the denial of any permit or license.  Second, the letter does not address the display requirements that were the stated bases for the denials.  Finally, the letter is silent as to a hearing or procedural requirements of § 11708.

Nonetheless, because Plaintiffs were not required to fully exhaust their state administrative remedies before filing a § 1983 due process claim, the failure to exhaust is harmless, and the Court next addresses Defendants' immunity arguments.

### C. All Claims Against The DMV Are Dismissed Because the DMV Has Eleventh Amendment Immunity

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[6]      As discussed *supra,* the parties use "permit" and "license" interchangeably, apparently without substantive difference.

11

United States District Court
For the Northern District of California

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  This

limitation includes suits brought in federal court by a citizen against his own state.  *Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "The Eleventh Amendment bars suits which

seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or

its agencies."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotations

omitted).

Actions against a State include "not only actions in which a State is actually named as the

defendant, but also certain actions against state agents and state instrumentalities."  *Regents of the*

*Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).  The California DMV is a state agency entitled to

Eleventh Amendment immunity.  Cal. Veh. Code § 1501; Cal. Gov. Code § 11000; *Labankoff v.*

*Polly Klaas Found.*, No. C 06-7804 SBA, 2007 WL 1345204, at *3 (N.D. Cal. May 8, 2007).  A

state may waive Eleventh Amendment immunity by making an unequivocal statement that it has

consented to do so.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990).  The

DMV has not waived immunity here, but instead explicitly invokes immunity.  Mot. at 14-15.

Plaintiffs argue that the Eleventh Amendment permits injunctive and declaratory relief

against the state, citing to *Edelman v. Jordan*, 415 U.S. 651 (1974), for support.  Opp'n at 19.

However, Plaintiffs misunderstand *Edelman*, which only allows for prospective injunctive relief

against state *officials*, not against the state.  *See* 415 U.S. at 676-77.[7]

Accordingly, the Court GRANTS the Motion to Dismiss all of Plaintiffs' claims against the

DMV.  Because Plaintiffs' claims against the DMV are foreclosed as a matter of law, any

amendment would be futile.  The Court therefore dismisses all claims against the DMV with

prejudice.  *See Leadsinger*, 512 F.3d at 532.

---

[7]     Plaintiffs also argue that Cook and Fong are not entitled to Eleventh Amendment immunity.
Opp'n at 19.  As Defendants do not argue that Eleventh Amendment immunity applies to Cook and
Fong in their Motion to Dismiss, the Court need not address this argument.

Case No.: 5:14-CV-1218-LHK
ORDER GRANTING MOTION TO DISMISS

### D.   The  § 1983 Damages Claims Against Cook and Fong Are Dismissed Because Cook and Fong are Entitled to Qualified Immunity

Defendants sued in their individual capacity under § 1983 may be entitled to qualified immunity.  The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  A court considering a claim of qualified immunity must determine (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  *See Pearson v. Callahan,* 555 U.S. 223, 232 (2009); *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Pournadi and Novin allege separate due process violations. Pournadi alleges that both his substantive and procedural due process rights were violated when Defendants denied Pournadi's permit application, because the denial deprived Pournadi of his right to carry on his chosen profession.  Novin alleges that both his substantive and procedural due process rights were violation when Defendants denied Pournadi's and Novin's other tenants' permit applications, because Novin was denied any economically viable use of his property.  For the reasons stated below, the Court finds that neither Plaintiff has alleged the deprivation of an actual constitutional right.

### 1.   Plaintiff Pournadi Has Not Alleged a Deprivation of an Actual Constitutional Right

Turning first to Pournadi's allegations, Pournadi alleges that his Fourteenth Amendment due process rights were violated.[8]  He alleges a violation of both procedural and substantive due

---

[8]     Plaintiffs assert violations of substantive due process and procedural due process under both the Fifth Amendment and Fourteenth Amendment in their first and second claims for relief.  *See* Compl. ¶¶ 16-22.  Defendants point out that "the Fifth Amendment's due process clause only applies to the federal government."  Mot. at 7, quoting *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  Plaintiffs incorrectly respond that the Fifth Amendment's provisions apply to the

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

process.  As to substantive due process, Pournadi alleges that he was denied "his right to carry on his legitimate business in Novin's building."  Compl. ¶ 17.  As to procedural due process, Pournadi alleges that he was deprived of "his legitimate business without any hearing or other opportunity to challenge [Defendants'] actions in any venue."  *Id.* at ¶ 20.  Based on the facts contained in the Complaint, Pournadi has not alleged the violation of any actual constitutional right.

Pournadi's substantive "right to engage in a profession of his choosing" is actually much more limited than the Complaint suggests.  The "liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation."  *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999) (citations omitted).  Cases identifying a violation of a right to one's chosen profession "all deal with a complete prohibition of the right to engage in a calling[.]"  *Id.*  Here, Pournadi was not denied the right to be a car dealer in all instances, he was only denied a permit applicable to Novin's Property.  This is not a wholesale exclusion from his chosen profession of car dealer, and therefore is not a liberty interest protected by the due process clause of the Fourteenth Amendment.

Pournadi's procedural due process rights are also much more limited than the Complaint suggests.  "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  The only interest that Pournadi identifies is his right to engage in his chosen profession,

---

states through the Due Process Clause of the Fourteenth Amendment.  Opp'n at 14.  The Fourteenth Amendment has its own guarantee of due process against state action equivalent to the Fifth Amendment's provisions against the federal government.  *See Betts v. Brady*, 316 U.S. 455, 462 (1942), overruled on other grounds by *Gideon v. Wainwright*, 372 U.S. 335 (1963).  Therefore, the Court GRANTS the Motion to Dismiss Plaintiffs' Fifth Amendment due process claims against Defendants with prejudice because Defendants are not federal actors.

14

which as just discussed is only implicated in cases of complete exclusion from a chosen profession. Here, Pournadi has only identified an exclusion from his chosen profession at a single location.

To the extent that Pournadi had a liberty or property interest in the permit, he was not denied the permit with a lack of process. Plaintiffs claim a lack of due process in the application for the permit by comparing their situation to that of *Goldberg v. Kelly*, 397 U.S. 254 (1970), and arguing that Plaintiffs are entitled to a hearing. Opp'n at 15. In *Goldberg*, the Supreme Court found that welfare recipients could not have their benefits terminated without pre-deprivation evidentiary hearings. *Goldberg*, 397 U.S. at 262 (1970). Plaintiffs' situation is readily distinguishable from *Goldberg*. First, unlike the existing social security benefits in *Goldberg*, it appears that the DMV denied Pournadi a new benefit when he applied for a permit, rather than being stripped of an existing benefit. Compl. ¶ 11.[9] Second, the receipt of welfare is substantially different from a business permit. *Goldberg*, 397 U.S. at 264 (noting that "welfare provides the means to obtain essential food, clothing, housing, and medical care," in contrast to "virtually anyone else whose governmental entitlements are ended.").

In light of the nature of the permit denied (a permit to carry out a specific business at a specific place), it is not clear what additional procedures Pournadi would require the Defendants to provide. Opp'n at 15 (referring to "due process before, or even after, [Plaintiff's] property interest was extinguished."). As a general matter, due process requires notice and opportunity to be heard. *See Armstrong v. Manzo*, 380 U.S. 545, 549 (1965).

Plaintiffs have failed to identify any lack of notice in the permit procedures. Although Plaintiffs assert that the permits were "summarily denied by defendants without any rational or lawful explanation," Opp'n at 8, the Complaint alleges that Defendants explained that the denial was based on § 11709 and § 270.08, Compl. ¶ 11. The Complaint also alleges that Defendants

---

[9]     If Pournadi's permit were being revoked, or if Defendants' refused to reissue his permit, he is more likely to have a property or liberty interest in the permit. *See Bell v. Burson*, 402 U.S. 535, 539 (1971).

United States District Court
For the Northern District of California

further explained that "[w]hen an established place of business is not conducive to retail sales, it often results in vehicles being displayed and sold from unlicensed locations" in response to "multiple inquiries" from Novin.  Compl. ¶ 13.  By providing Novin and the permit applicants with an explanation of the statutory basis for denying the permits, and then a further explanation of a policy rationale for denying the permits, Defendants provided the applicants with sufficient notice of the basis for denial.  The basis for the denial was rationally related to the dealership permits, as § 11709 and § 270.08 are designed to protect the public and ensure that only authorized dealers sell cars.  *See* § 11709(a) (requiring display of dealership license "in a place conspicuous to the public . . . to enable any person doing business with the dealer to identify him or her properly"); § 270.08 (requirements of display area).

Pournadi also argues that he had no opportunity to challenge the basis for the denial of the permits.  Opp'n at 14-15.  As discussed above with regard to exhaustion, it appears that Pournadi could have filed an appeal and requested a hearing related to his permit.  *See* Cal. Veh. Code §11708.  A hearing under § 11708 would have provided Pournadi with sufficient process related to the denial of his permit.

As currently alleged, Pournadi has not alleged a deprivation of an actual constitutional right, because he has no liberty interest in carrying out a business at a specific location and no property interest in the permit, and has not sufficiently alleged a lack of process in the denial of his permit.  The Court therefore GRANTS the Motion to Dismiss Pournadi's § 1983 claims.  Because Pournadi may be able to allege the existence of a property interest in his permit and a lack of process with regard to an opportunity to be heard, the Court will grant leave to amend.  *See Leadsinger*, 512 F.3d at 532.

### 2. Plaintiff Novin Has Not Alleged a Deprivation of an Actual Constitutional Right

Turning now to Novin's allegations, Novin alleges a violation of both procedural and substantive due process.  As to substantive due process, Novin alleges that he was denied "any

16

economically viable use of his property."  Compl. ¶ 17.  As to procedural due process, Novin

alleges that he was deprived of "his property . . . without any hearing or other opportunity to

challenge [Defendants'] actions in any venue."  *Id.* at ¶ 20.

As to Novin's substantive due process argument, he alleges that the denial of the permits

interfered with his right to use his property as a car dealership, and that the denial was based on "a

regulation that fails to serve any legitimate governmental objective" and is "so arbitrary or

irrational that it runs afoul of the Due Process Clause."  *Lingle v. Chevron U.S.A., Inc.*, 544 U.S.

528, 542 (2005); *see* Opp'n at 17-18.

The Court cannot agree that § 11709 and § 207.08 are regulations "so arbitrary or irrational

that [the regulations] run[] afoul of the Due Process Clause."  *Id.*  Section 11709 and § 270.08 are

consumer protection statutes setting forth certain requirements for authorized car dealerships.  *See*

§ 11709(a) (requiring display of dealership license "in a place conspicuous to the public . . . to

enable any person doing business with the dealer to identify him or her properly"); § 270.08

(requirements of display area).  The State's interest in protecting consumers and ensuring that the

public can view and confirm that a car dealership is operating with the permission of the DMV is

not arbitrary or irrational.  Novin has therefore failed to state any substantive due process claim.

As to Novin's procedural due process rights, it is not clear to what, if any, additional

process Novin could be entitled.  Because Novin was not the applicant, but merely had an interest

in the outcome of the permit decisions, at most he would be entitled to the same procedural

protections as the applicants.  As explained above, Pournadi has not adequately alleged a lack of

notice or opportunity to be heard.  If anything, Novin has received more process then Pournadi,

because Novin also communicated with the DMV in writing after the denial of the permits.  *See*

ECF No. 32-3 (letter from Novin to DMV).

Because Novin has not alleged an actual substantive or procedural due process violation,

the Court GRANTS the Motion to Dismiss his § 1983 claims.  Plaintiffs' substantive due process

17

claims are dismissed with prejudice, because § 11709 and § 270.08 are not arbitrary or irrational and protect legitimate state interests.  *Lingle*, 544 U.S. at 542.  The Court grants leave to amend to allow Novin to allege a procedural violation, consistent with the analysis of Pournadi's claim above.

### 3. Even If Plaintiffs Alleged a Deprivation of an Actual Constitutional Right, the Right was Not Clearly Established

Even assuming that Plaintiffs have successfully identified a constitutional right, defendants Cook and Fong would still have immunity from damages[10] if a reasonable official would have believed their conduct in denying the permits was lawful.  *Pearson*, 555 U.S. at 232.

The Court concludes that Cook and Fong are entitled to qualified immunity from an individual capacity damages suit under § 1983 because they reasonably relied on their statutory authority to deny or issue car dealership permits.  Courts have "held that the existence of a statute or ordinance authorizing particular conduct is a factor which militates in favor of the conclusion that a reasonable official would find that conduct constitutional."  *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) (footnote omitted) (citing *Evers v. Cnty of Custer,* 745 F.2d 1196, 1203 (9th Cir. 1984), and *Malachowski v. City of Keene,* 787 F.2d 704, 713-14 (1st Cir. 1986)).

"The existence of an authorizing statute is not dispositive, however.  Qualified immunity does not extend to a public official who enforces a statute that is 'patently violative of fundamental constitutional principles.'"  *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999) (finding qualified immunity for official who denied a permit for failure to disclose the applicant's social security number, as required by statute) (quoting *Grossman*, 33 F.3d at 1209).

Under California Vehicle Code § 11702, the DMV may deny applications for dealership permits for "reasonable cause shown."  This reasonable cause includes any of the same causes for suspending or revoking a permit, Cal. Veh. Code § 11703.1, including a violation of any provision

---

[10]     In their Opposition, Plaintiffs note that there are no claims for damages against the DMV, only injunctive and declaratory relief.  Opp'n at 11 n.1.

United States District Court
For the Northern District of California

under California Vehicle Code §§ 11700-11740.  *See* Cal. Veh. Code § 11705(a)(10).  The stated bases for denying Pournadi's and other tenants' permits, § 11709 and § 270.08, are therefore explicitly included as a permissible basis for denying a dealership permit.

Plaintiffs do not allege that denying the permit applications for failure to comply with § 11709 and § 270.08 would clearly violate constitutional principles.  Therefore, if Cook and Fong appropriately applied § 11709 and § 270.08, they would be entitled to qualified immunity.

Plaintiffs have not alleged that the Defendants' stated reasons for denial were a pretext or disguised any improper motive.  Indeed, Plaintiffs do not even allege that they currently comply with § 11709 or § 270.08.  *See* Compl. at ¶ 12 ("[T]here is absolutely **no reason** why the plaintiffs could not or would not comply with this section.") (emphasis in original).  Nonetheless, reading the Complaint in the light most favorable to Plaintiffs, they do appear to allege that *some* tenants may comply with § 11709 and § 270.08 and some tenants may not: "since one of Novin's tenants might potentially break the rules, the defendants were denying the issuance of permits to ALL of the tenants." *Id.* ¶ 13.

Even assuming that Pournadi and other tenants did comply with § 11709 and § 270.08 at the time of their permit applications, Cook and Fong are entitled to qualified immunity for "mere mistakes in judgment, whether the mistake is one of fact or one of law."  *Butz v. Economou*, 438 U.S. 478, 507 (1978); *Pearson*, 555 U.S. at 231 ("The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." (internal quotation omitted)).  Plaintiffs therefore must allege that an officer would have known that denying the permits for failure to comply with § 11709 and § 270.08 was unreasonable, and must allege action by Cook and Fong beyond a "mere mistake."  *Butz*, 438 U.S. at 507; *Grossman*, 33 F.3d at 1210 ("an officer who unlawfully enforces an ordinance in a particularly egregious manner, or in a manner which a

19

1    reasonable officer would recognize exceeds the bounds of the ordinance, will not be entitled to

2    immunity.").

3          Because Plaintiffs have not shown that a reasonable officer would believe that enforcing

4    § 11709 and § 270.08 was "patently violative of fundamental constitutional principles," or that

5    Fong and Cook applied § 11709 and § 270.08 "in a manner which a reasonable officer would

6    recognize exceeds the bounds of the ordinance," Fong and Cook are "shielded from personal

7    liability." *Grossman*, 33 F.3d at 1209-10.  The Court therefore GRANTS the Motion to Dismiss

8    the § 1983 claims seeking damages.  Because Plaintiffs have not explained whether they complied

9    with the cited laws, or whether Cook and Fong relied on some other impermissible basis for

10   denying the permits, the Court will grant Plaintiffs leave to amend.  *See Leadsinger*, 512 F.3d at

11   532.

12                    **E.  All State Law Claims are Barred by Licensing Immunity**

13         "The California Tort Claims Act provides that a public entity is not liable for injury arising

14   from an act or omission except as provided by statute."  *Creason v. Dep't of Health Servs*., 957

15   P.2d 1323, 1327 (Cal. 1998) (citing Cal. Gov't Code § 815).  Therefore, the State is only liable

16   when a statute imposes liability.  *Id.*  Plaintiffs must "identify a specific statute declaring the entity

17   to be liable, or at least creating some specific duty of care by the agency in favor of the injured

18   party."  *de Villers v. Cnty. of San Diego*, 67 Cal. Rptr. 3d 253, 259 (Ct. App. 2007) (internal

19   quotations and alterations omitted).

20         Defendants point out that Plaintiffs' Complaint does not cite any California statutory

21   authority for their state law claims.  Mot. at 17-18.  In response, Plaintiffs identify the statutory

22   authority on which they rely in their Opposition, pointing to California Government Code §§ 815.2

23   and 820.  Opp'n at 23-24.  The Court need not address whether the Complaint by itself has

24   sufficiently identified statutory authority for its state claims, or whether the Opposition remedies

20

1    any such shortcomings, because even assuming Plaintiffs have properly identified statutory

2    authority for their Complaint, the state law claims are barred by licensing immunity.

3         California provides licensing immunity from state law claims under California Government

4    Code §§ 818.4 and 821.2.  Section 818.4 provides that "[a] public entity is not liable for an injury

5    caused by the . . . denial . . . of . . . any permit . . . or similar authorization where the public entity

6    or an employee of the public entity is authorized by enactment to determine whether or not such

7    authorization should be issued, denied, suspended, or revoked."  Closely related § 821.2 immunizes

8    public employees for their discretionary permit decisions governed by § 818.4.

9         Licensing immunity is available where the state and its employees perform discretionary,

10   rather than mandatory acts.  *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809-10 (9th

11   Cir. 2007).  When a public entity performs only a ministerial or non-discretionary duty, the "basic

12   policy decision" has already been made at a different governmental level, and there is no immunity

13   in carrying out these mandatory acts.  *See Morris v. Cnty. of Marin*, 559 P.2d 606, 613 (Cal. 1977).

14   The issuance of permits and other licenses is typically a discretionary activity, unless a statute

15   makes the issuance mandatory.  *See Jones v. City of Modesto*, 408 F. Supp. 2d 935, 963-64 (E.D.

16   Cal. 2005).  "Whether a particular statute is intended to impose a mandatory duty is a question of

17   interpretation for the courts."  *Nunn v. State of California*, 677 P.2d 846, 851 (Cal. 1984).  "The

18   legislative intent can usually be determined from the statutory language."  *Id.*

19        Plaintiffs assert that the issuance of a permit is ministerial, rather than discretionary.  *See*

20   Opp'n at 21-22.  Plaintiffs argue that although the "initial decision as to whether or not the DMV is

21   the agency responsible to make the determination whether or not to issue a permit for a car

22   dealership was a discretionary act cloaked with immunity," the decision of whether or not to issue

23   permits is ministerial.  *Id.* at 22.

24        Plaintiffs' argument is not persuasive.  Although the decision to vest the DMV with

25   licensing authority is certainly discretionary, acts taken by the DMV in carrying out its licensing

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

authority are also discretionary.  For example, courts have found that the DMV has immunity for

such discretionary acts as issuing title to an automobile, *Hirsch v. Dep't of Motor Vehicles*, 115

Cal. Rptr. 452, 456 (Ct. App. 1974), and issuing a driver's license, *Papelian v. State of Cal.*, 135

Cal. Rptr. 665, 667-68 (Ct. App. 1976).  Here, California Vehicle Code § 11702 describes the

discretion for issuing or refusing to issue a car dealer's permit: "The department *may* issue, or for

reasonable cause shown, refuse to issue a license to any applicant applying for a . . . dealer's

license."  Cal. Veh. Code § 11702 (emphasis added).  The use of "may" is clear language of

discretion allowing the DMV to base its decision on an analysis of the permit application and

circumstances surrounding it.  That is exactly what happened in this case.  Defendants reviewed

Pournadi's and others' applications and determined that they failed to meet the requirements of

§ 11709 and § 270.08.  Compl. ¶ 11.  Defendants then exercised their discretion under California

Vehicle Code § 11702 and denied the issuance of the permits.  This discretionary decision is

immunized from liability by California Government Code §§ 818.4 and 821.2.

 As the denial of permits is an act covered by licensing immunity, the Court GRANTS the

Motion to Dismiss the state law claims.  Because Plaintiffs cannot cure this deficiency, Plaintiffs'

state law claims are dismissed with prejudice.  *See Leadsinger*, 512 F.3d at 532.

### F.  Any Claims For Injunctive Relief Against Cook and Fong Are Dismissed

 Plaintiffs assert general claims for "Declaratory Relief" and "Injunctive Relief" against all

Defendants. Compl. ¶¶ 40-46. [11]

 To the extent that Plaintiffs assert § 1983 as a basis for granting declaratory or injunctive

relief, "[s]ection 1983 does not permit injunctive relief against state officials sued in their

individual as distinct from their official capacity."  *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d

587, 589 (7th Cir. 2005); *see also Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007)

---

[11] The declaratory and injunctive relief claims against the DMV are addressed in part II.C,
*supra*.

22

(injunctive relief cannot be subject of personal-capacity claim because injunctive relief seeks to conform government's conduct to federal law); *Dibs v. Tovar*, No. CV 10-4858-DSF JEM, 2012 WL 7018232, at *6 (C.D. Cal. Oct. 31, 2012).  Here, Plaintiffs have expressly limited their suit against Cook and Fong to an individual capacity suit, both in the Complaint itself and in their Opposition.  *See* Compl. at ¶ 5 ("Defendants Fong and Cook were, in performing the unlawful and unconstitutional acts alleged herein, acting in their individual capacities while employed by the DMV . . ."); Opp'n at 19 ("Plaintiffs have only named the individual defendants, Fong and Cook, acting in their individual capacities, in their actions for damages under Title 42, Section 1983.").  Plaintiffs even recognized this distinction, noting that "[b]esides authorizing *official* capacity suits against state and local officials for injunctive relief, 42 U.S.C. § 1983 authorizes claims against state officials in their individual capacity for compensatory and punitive damages." *Id.* (emphasis added).  Accordingly, there is no ambiguity in Plaintiffs' Complaint regarding the nature of their suit against Cook and Fong.

As Plaintiffs cannot obtain injunctive or declaratory  relief in an individual capacity suit under § 1983, *Greenawalt*, 397 F.3d at 589, the Court GRANTS the Motion to Dismiss the declaratory and injunctive relief claims against Cook and Fong in their personal capacity with prejudice.  *See Leadsinger*, 512 F.3d at 532.

## IV.      CONCLUSION

For the reasons discussed above, the Court:

1.   GRANTS the Motion to Dismiss all claims against the DMV with prejudice;

2.   GRANTS the Motion to Dismiss all injunctive and declaratory relief claims against all Defendants with prejudice;

3.   GRANTS the Motion to Dismiss all state law claims against all Defendants with prejudice;

23

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

4.  GRANTS the Motion to Dismiss all Fifth Amendment claims against all Defendants with prejudice;

5.  GRANTS the Motion to Dismiss the § 1983 substantive due process individual capacity damages claims against Cook and Fong with prejudice; and

6.  GRANTS the Motion to Dismiss the § 1983 procedural due process individual capacity damages claims against Cook and Fong with leave to amend.

Should Plaintiff elect to file an Amended Complaint curing the deficiencies identified herein, Plaintiff shall do so within 30 days of the date of this Order.  Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice.  Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: December 8, 2014

LUCY H. KOH
United States District Judge

24

Case No.:  5:14-CV-1218-LHK
ORDER GRANTING MOTION TO DISMISS