UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDOL HOSSEIN NOVIN, et al.,

           Plaintiffs,

    v.

ROBERT COOK, et al.,

           Defendants.

Case No.  5:14-CV-01218-LHK

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Re: Dkt. No. 37

       Following the Court's Order Granting Defendant's Motion to Dismiss, Plaintiffs Abdol Novin and Pooya Pournadi (collectively, "Plaintiffs") filed a First Amended Complaint against Gail Fong and Robert Cook (collectively, "Defendants") for a violation of 42 U.S.C. § 1983 ("§ 1983").  *See* ECF No. 34 ("Order"); ECF No. 36 ("FAC").  Defendants move to dismiss the FAC for failure to state a claim.  ECF No. 37 ("Mot.").  Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss WITH PREJUDICE.

United States District Court
Northern District of California

## I.  BACKGROUND

### A.  Factual Background[1]

Abdol Novin ("Novin") is the owner of property located at 3275 Stevens Creek Boulevard, San Jose, California ("the Property").  *See* FAC ¶ 4.  The Property has been "exclusively and continuously rented and fully occupied by car dealerships since it was erected in 1961."  *Id.* at ¶ 9.  At the time Novin purchased the Property, "the building housed more than 25 legitimate licensed retail car dealerships all of which had been approved by the DMV."  *Id.*

Novin purchased the Property in 2007, but had to renovate and repair the Property in 2009 after storm damage.  *See id.* at ¶ 10.  Thereafter, Novin successfully obtained reissuance of Use Permits from the City of Santa Clara to use the Property for retail car dealerships.  *See id.* at ¶ 11.

Pooya Pournadi ("Pournadi") is a tenant of Novin who wished to operate a car dealership business at the Property.  *See id.* at ¶ 4.  After the 2009 renovations, Pournadi and other tenants of the Property applied to the California Department of Motor Vehicles ("DMV") for dealership permits.[2]

Gail Fong ("Fong") and Robert Cook ("Cook"), employees of the DMV, refused to issue the permits.  *See id.* at ¶¶ 5, 12, 14.  Defendants denied the permits because the Property, or the tenants' use of the Property, did not comply with California Vehicle Code § 11709 ("§ 11709") and California Code of Regulations Title 13, § 270.08 ("§ 270.08").  *See* FAC at ¶ 12.  Section 11709 lists requirements for the display of dealership permits, and § 270.08 lists requirements for the display area of the dealer.  In denying the permits, Defendants did not precisely explain how Novin's building, or the tenants' use of the building, was not in compliance with the cited law and regulation.  *See id.* at ¶ 13, 14.  Plaintiffs obliquely allege that they do in fact comply with both

---

[1] The Court assumes all facts alleged in the FAC are true.

[2] As the Court noted in its Order, it is not clear whether Pournadi has ever had a permit to operate a car dealership.  Order at 15.  Both the FAC and Plaintiffs' Opposition conspicuously fail to address this issue directly.  Instead, Plaintiffs rely on various parts of the FAC that imply that Pournadi had a permit, but never affirmatively plead that Pournadi had a permit, or identify precisely what permit Pournadi sought from the DMV.  *See* ECF No. 40 ("Opp.") at 4-5.

Case No: 5:14-CV-01218-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1   sections.  *Id.* at 13 ("Plaintiffs and Plaintiff's tenants and the tenants of the former owner of the

2   building had been found by the DMV to comply . . . and there were no changes in the structure of

3   the building or the parking lot. . . [T]enants in the building, including Pournadi, had been

4   complying with these laws without incident.").

5       After multiple inquiries by Novin to understand why the permit applications of Pournadi

6   and others were denied, he was informed that "[w]hen an established place of business is not

7   conducive to retail sales, it often results in vehicles being displayed and sold from unlicensed

8   locations."  *Id.* at ¶ 14.

9       Since 2009, the Property "has remained vacant for the most part."  *Id.* at ¶ 17.  Novin has

10  tried to rent out the Property to other businesses without much success, because the property is

11  located and configured for use by single car dealers.  *See id.*

12  **B.   Procedural Background**

13      On March 14, 2014, Plaintiffs filed their original Complaint against the DMV and

14  Defendants for violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as well as for intentional

15  interference with prospective economic advantage, negligent and intentional interference with

16  business relations, and inverse condemnation.  ECF No. 1 at ¶¶ 2, 16-39.

17      On September 5, 2014, Defendants filed a Motion to Dismiss.  ECF No. 22.  The Court

18  granted Defendants' Motion to Dismiss, dismissing most claims with prejudice, but giving

19  Plaintiffs leave to amend their § 1983 procedural due process claims against Cook and Fong in

20  their individual capacities.  *See* Order at 23-24 (dismissing claims against the DMV, claims for

21  injunctive and declaratory relief, state law claims, claims based on violations of the Fifth

22  Amendment, and § 1983 substantive due process claims with prejudice).

23      On January 7, 2015 Plaintiffs filed their FAC, alleging a § 1983 procedural due process

24  claim.  Pournadi alleges that he was denied his property interest in the dealership permit without

25  process of law.  *See* FAC ¶ 19-21.  Novin alleges that because previous tenants and potential

26  tenants like Pournadi cannot obtain permits from the DMV, Novin has lost income because he is

3

27  Case No: 5:14-CV-01218-LHK

28  ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1  unable to rent the Property to car dealers.  *See id.*[3]

2  On January 21, 2015, Defendants filed a Motion to Dismiss the FAC.  ECF No. 37.

3  Plaintiffs filed an Opposition, ECF No. 40, to which the Defendants filed a Reply, ECF No. 41

4  ("Reply").

5  On March 28, 2015 the Court received two letters related to Ervin Rovcanin, who is not a

6  party to this case.  ECF Nos. 48, 49.  The letters were apparently submitted by Novin, and not his

7  attorney.  The letters appear to be copies of letters sent by Rovcanin to the DMV.  As the Court

8  generally only considers the allegations contained in a plaintiff's complaint when ruling on a

9  motion to dismiss, the Court did not consider the letters in ruling on this motion.  *See Parrino v.*

10  *FHP, Inc.*, 146 F.3d 699, 705–06 & n. 4 (9th Cir. 1998), superseded by statute on other grounds as

11  stated in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  Nonetheless,

12  the Court notes that even if it did consider the letters, nothing contained therein would persuade

13  the Court to reach a different conclusion regarding the Motion to Dismiss.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

16  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

17  action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

18  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

19  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

20  defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

21  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

22

23  [3] The FAC also appears to allege an equal protection violation.  *Id.* at ¶ 15 ("Plaintiffs are

24  informed and believe and allege thereon that defendants' actions were based, at least in part, on racial animus against Arab Americans.").  The Court did not give Plaintiffs permission to add any

25  new causes of action absent leave of the Court or stipulation of the parties.  Order at 24. Furthermore, Plaintiffs do not plead any facts in support of an equal protection claim and only

26  allege legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, the Court dismisses such a claim, assuming one has been alleged, with prejudice.

4

27  Case No: 5:14-CV-01218-LHK

28  ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For

2    purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the

3    complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

4    party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

5         Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely

6    because they are cast in the form of factual allegations.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064

7    (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere

8    "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

9    dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

10   Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish

11   that he cannot prevail on his [constitutional] claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783

12   n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

13   **B.   Leave to Amend**

14        If the Court determines that the complaint should be dismissed, it must then decide

15   whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

16   to amend "should be freely granted when justice so requires," bearing in mind "the underlying

17   purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or

18   technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation

19   marks and alterations omitted).  When dismissing a complaint for failure to state a claim, "'a

20   district court should grant leave to amend even if no request to amend the pleading was made,

21   unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"

22   *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation

23   marks omitted)).  Accordingly, leave to amend is denied only if allowing amendment would

24   unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted

25   in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

26

27                                                    5

28

III. DISCUSSION

Defendants argue that (1) Plaintiffs have failed to plead a due process violation; (2) Plaintiffs have failed to allege that Cook and Fong are responsible for any alleged due process violation; and (3) Cook and Fong are entitled to qualified immunity.  The Court addresses each of these arguments below, and finds that Plaintiffs have failed to plead a due process violation because neither has alleged a protected property interest or denial of adequate process.  Assuming that Plaintiffs had pled a due process violation, the Court finds that Cook and Fong would be entitled to qualified immunity.  In addition, because Plaintiffs "fail[ed] to cure deficiencies by amendments previously allowed," the Court finds that further amendment would be futile and dismisses the § 1983 claim with prejudice.  *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892-93 (9th Cir. 2010).

A. **Plaintiffs Have Failed To Allege a Due Process Violation**

To establish a § 1983 claim based on a violation of procedural due process, a plaintiff must establish (1) a protected liberty or property interest, and (2) a denial of adequate procedural protection.  *Pinnacle Armor, Inc. v. U.S.,* 648 F.3d 708, 716 (9th Cir. 2011).  The procedural guarantees of the Due Process Clause of the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake.  *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause."); *Neal v. Shimoda*, 131 F.3d 818, 827–28 (9th Cir. 1997).  In determining whether an interest triggers constitutional protection, the Court must "look not to the 'weight' but to the nature of the interest at state." *Bd. of Regents of St. Colls. v. Roth*, 408 U.S. 564, 570–71 (1972).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577; *see also Merritt v. Mackey*, 827 F.2d 1368, 1370–71 (9th Cir. 1987).  "Protected property interests are not created by

6

United States District Court
Northern District of California

United States District Court
Northern District of California

1  the Constitution[, but r]ather . . . they are created and their dimensions are defined by existing

2  rules or understandings that stem from an independent source such as state law." *Johnson*, 623

3  F.3d at 1030 (9th Cir. 2010) (internal quotation marks omitted).  Once a court determines a

4  protected interest is at stake, it applies the three-factor balancing test outlined in *Mathews v.*

5  *Eldridge*, 424 U.S. 319 (1976): (1) the private interest at stake; (2) the "risk of erroneous

6  deprivation of such interest through the procedures used, and probable value, if any,

7  of . . . substitute procedural safeguards"; and (3) the government's interest.  *Id.* at 335.

8        The Court addresses each Plaintiff in turn, and finds that neither Plaintiff has alleged the

9  deprivation of a property interest protected by the Constitution, and that neither Plaintiff was

10  denied due process of law.

11        **a.  Plaintiff Novin**

12        Novin must allege a property interest that is protected by the Constitution to state a due

13  process claim.  *Pinnacle Armor*, 648 F.3d at 716.  Novin, as the owner of the Property, alleges a

14  property interest in "the continuation of [Novin's] business[]" and "beneficial use of [Novin's]

15  property."  FAC at ¶ 19, 21.[4]  Novin argues that he was "deprived of contractual relations and

16  entitlements without due process" because he can no longer collect rent from his tenants.  Opp. at

17  8.  In other words, Novin alleges that by denying permits to his potential tenants, the Defendants

18  have interfered with Novin's right to use his property in his chosen manner.

19        In support of Novin's argument, Plaintiffs cite *Truax v. Raich*, 239 U.S. 33 (1915).  *Truax*

20  involved a state law restriction on hiring immigrants, and was decided on equal protection

21  grounds.  *Id.* at 35, 40.  *Truax* does not show that Novin has any protected property interest in his

22  tenant's permits.

23        In fact, as Defendants point out, there is a "distinction between government action that

24  directly affects a citizen's legal rights, or imposes a direct restraint on his liberty, and action that is

25

26        ⁴ The Court's prior Order addressed the denial of "any beneficial use of the property" in
   rejecting Novin's substantive due process claims.  Order at 17.

27  Case No: 5:14-CV-01218-LHK

28  ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

7

1   directed against a third party and affects the citizen only indirectly or incidentally."

2   *O'Bannon v. Town Court Nursing Ctr.,* 447 U.S. 773, 788 (1980).  Generally, only the former

3   actions, and not the latter, invoke interests protected by the due process clause.  *Id.*; *see also*

4   *Punikaia v. Clark,* 720 F.2d 564 (9th Cir. 1983).

5          In *O'Bannon*, the Supreme Court held that residents of a nursing home had "no

6   constitutional right to participate in" license revocation proceedings related to the residents'

7   nursing home.  447 U.S. at 775.  The Supreme Court found that although revoking the nursing

8   home's license would result in requiring the residents to move to a new home, "that impact, which

9   is an indirect and incidental result of the Government's enforcement action, does not amount to a

10  deprivation of any interest in life, liberty, or property."  *Id.* at 787.  Similarly, in *Punikaia*, the

11  Ninth Circuit held that patients at a state hospital had no "legitimate entitlement to continued

12  medical care" at a specific hospital, and therefore were not entitled to any due process before the

13  state closed the hospital.  720 F.2d at 565.

14         Here, Novin is in the same position as the residents or patients in *O'Bannon* and *Punikaia*:

15  the government has revoked (or refused to issue) permits to a person with whom Novin wishes to

16  do business.  The FAC explains that Novin has received all of the government permits necessary

17  for him to rent his property to car dealer-tenants.  FAC at ¶ 11 (alleging that Novin "obtained *all*

18  of the necessary permits to operate." (emphasis added)).  The only thing missing, according to

19  Novin, is properly permitted tenants.  However, Novin has no entitlement from the government,

20  "manifested in legislation, rules, or customs," to rent his property to specific tenants.  *Punikaia*,

21  720 F.2d at 566 (citation omitted).  Therefore, Novin has "no constitutional right to participate in"

22  license proceedings related to his tenants.  *O'Bannon*, 447 U.S. at 775.

23         As in *O'Bannon* and *Punikaia*, the Defendants' denial of permits to Novin's tenants has

24  only an indirect effect on Novin—the government is not actually preventing Novin from renting

25  his building or collecting rents.  Novin makes no effort to establish any governmentally-created

26  right to rental income, or right to rent to particular tenants.  Accordingly, the denial of permits to

27

28

United States District Court
Northern District of California

8

1    potential tenants does not implicate a property interest created by the government.  Novin has thus

2    not alleged the deprivation of an interest protected by the due process clause and cannot state a

3    § 1983 claim as a matter of law.  *Pinnacle Armor,* 648 F.3d at 716.

4         Furthermore, Novin was not denied adequate process.  The fundamental requirements of

5    procedural due process are notice and the opportunity to be heard "at a meaningful time and in a

6    meaningful manner."  *Mathews*, 424 U.S. at 333 (internal quotation marks and citation omitted).

7    Novin received both.

8         As to notice, Novin (and his tenants) were provided with the specific statutory basis for the

9    denial of the permits: § 11709 and § 270.08.  FAC at ¶ 12.  Section 11709 lists requirements for

10   the display of dealership permits, and § 270.08 lists requirements for the display area of the dealer.

11   The FAC also alleges that, in response to "multiple inquiries" from Novin, Defendants further

12   explained that "[w]hen an established place of business is not conducive to retail sales, it often

13   results in vehicles being displayed and sold from unlicensed locations."  *Id.* ¶ 14.  By providing

14   Novin and the permit applicants with the statutory basis for denying the permits, and then a further

15   explanation of a policy rationale for denying the permits, Defendants provided the applicants with

16   sufficient notice of the basis for denial.

17        As to an opportunity to be heard, Novin and the tenants also had an adequate opportunity

18   to be heard regarding the DMV's denial of the permits.  *Mathews*, 424 U.S. at 333.  The tenants

19   could have filed an appeal and requested a hearing related to the permits.  *See* Cal. Veh. Code

20   §11708.  Section 11708 provides:

21             (a) Upon refusal of the department to issue a license and special
22             plates to a manufacturer, manufacturer branch, remanufacturer,
               remanufacturer branch, distributor, distributor branch, transporter, or
23             dealer, the applicant shall be entitled to demand, in writing, a
               hearing before the director or his or her representative within 60
24             days after notice of refusal.

25             (b) The hearing shall be conducted pursuant to Chapter 5
               (commencing with Section 11500) of Part 1 of Division 3 of Title 2
26             of the Government Code.

27

28

Case No: 5:14-CV-01218-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

A hearing under § 11708 would have provided Novin or the tenants with sufficient process related to the denial of the permits. *See Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 606 (9th Cir. 1986) (noting that hearings conducted under the California Administrative Procedure Act, *Cal. Gov't. Code* § 11500 et seq., meet due process requirements).

Although Plaintiffs maintain that § 11708 does not apply to them because the section relates to the issuance of "a license and special plates," where here Plaintiffs were only seeking permits, and no special plates, the Court does not agree. Although Plaintiffs have never identified the precise authorization Plaintiffs were seeking from the DMV, despite the Court noting this deficiency in the prior Order, it is apparent from the FAC that Plaintiffs were applying for dealership permits and licenses under California Vehicle Code §§ 11701 and 11719. *See* Order at 10-11. Both parties use "permit" and "license" interchangeably, apparently without substantive difference. The FAC contains numerous references to both dealership permits and licenses. *See, e.g.,* FAC ¶¶ 9, 11, 13, 15. Moreover, § 11708 applies to a "dealer" and appears in the same Chapter as §11709, which the DMV stated as the basis for denying the dealership permits. *See* Cal. Veh. Code, Div. 5, Ch. 4 ("Manufacturers, Transporters, Dealers, and Salesman"). Section 11708 would therefore apply to Plaintiffs.

Accordingly, even assuming that Novin had a property interest in the permit, Novin was provided sufficient process in the form of notice of the basis for denial of the permit and an adequate opportunity to be heard regarding the permit's denial. Novin has therefore failed to show that he was denied due process, *Pinnacle Armor,* 648 F.3d at 716, and the Court GRANTS the motion to dismiss. In addition, because Plaintiffs "fail[ed] to cure deficiencies by amendments previously allowed," the Court finds that further amendment would be futile and dismisses the claim with prejudice. *Carvalho*, 629 F.3d at 892–93.

### b. Plaintiff Pournadi

Pournadi alleges that he was denied "the ability to carry on his lawful business in Novin's building as he had for years." FAC ¶ 19. Construing the facts in the light most favorable to

10

1   Pournadi, the FAC alleges that Pournadi had been complying with § 11709 and § 270.08 "for

2   years," but the DMV suddenly changed course and denied his permit application for failure to

3   comply with those sections.  *Id.*  The Court again notes that the FAC fails to affirmatively plead

4   the Pournadi had a dealership permit in the past.

5          Even assuming that Pournadi or others had received a dealership permit in the past,

6   Pournadi did not have a property interest in a new dealership permit.  First, Pournadi does not

7   allege that Defendants canceled or revoked an issued permit.  The FAC refers repeatedly to a new

8   application for a dealership permit.  That distinguishes this case from situations such as *Bell v.*

9   *Burson*, 402 U.S. 535 (1971), which involved suspension of an existing license.

10          Second, Pournadi has not provided any support for his assertion that he had "more than a

11   unilateral expectation" in his permit, but instead had "a legitimate claim of entitlement to it." *Roth*,

12   408 U.S. at 577.  "A reasonable expectation of entitlement is determined largely by the language

13   of the statute and the extent to which the entitlement is couched in mandatory terms." *Association*

14   *of Orange Co. Deputy Sheriffs v. Gates,* 716 F.2d 733, 734 (9th Cir. 1983), *cert. denied,* 466 U.S.

15   937 (1984).  Whether a statute creates an entitlement "depend[s] largely upon the extent to which

16   the statute contains mandatory language that restricts the discretion of the [Government] to deny

17   licenses to applicants who claim to meet minimum eligibility requirements." *Jacobson v.*

18   *Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980).

19          California Vehicle Code § 11702 ("Issuance or refusal of license") provides:

20              The department *may* issue, *or for reasonable cause shown*, refuse to
                issue a license to any applicant applying for a manufacturer's,
21              manufacturer's branch, remanufacturer's, remanufacturer's branch,
                distributor's, distributor's branch, transporter's, or dealer's license.
22

23   (emphasis added).  Because § 11702 leaves the DMV with discretion to deny dealership permits

24   "for reasonable cause shown," it is does create a mandatory entitlement scheme.  For example, in

25   *Jacobson*, the Nevada Gaming Commission denied Jacobson's application for a license to operate

26   a casino-hotel.  627 F.2d at 179.  The licensing statute at issue provided "the Gaming Commission

27                                                    11

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    'full and absolute power and authority to deny any application for any cause deemed reasonable

2    by such commission.'" *Id.* at 180 (citing Nev. Rev. Stat. § 463.220(6)).  The Ninth Circuit found

3    that the "the requirement that the basis for [the Commission's] decisions be reasonable . . . negates

4    Jacobson's claim to a protectible property interest created by the State." *Id.* (citation omitted).

5        Here too the only limit on the DMV's decision to deny a permit is "for reasonable cause

6    shown." Cal. Vehicle Code § 11702.  The DMV indeed provided "reasonable cause" in the

7    DMV's letter to Novin, stating that "[w]hen an established place of business is not conducive to

8    retail sales, it often results in vehicles being displayed and sold from unlicensed locations." FAC

9    at ¶ 14.  Because § 11702 leaves the DMV with discretion to grant or deny a dealership permit,

10   Pournadi cannot show that he had more than a "unilateral expectation" in his permit, and thus has

11   no protected property interest. *Roth*, 408 U.S. at 577.

12       Even if Pournadi had a protected property interest in his permit, the Defendants provided

13   sufficient process in denying his application.  As explained *supra*, the Defendants explained the

14   statutory bases for denying the permit, and provided a further written explanation.  FAC at ¶¶ 12,

15   14.  Pournadi could have availed himself of an appeal under Vehicle Code § 11708.  Accordingly,

16   Pournadi has not pled a due process violation. *Pinnacle Armor*, 648 F.3d at 716.  Because

17   Plaintiffs have not shown that they were denied due process of law, the Court GRANTS the

18   Motion to Dismiss.  In addition, because Plaintiffs "fail[ed] to cure deficiencies by amendments

19   previously allowed," the Court finds that further amendment would be futile and dismisses the

20   claim with prejudice. *Carvalho*, 629 F.3d at 892–93.

21       **B. Even If Plaintiffs Had Alleged a Due Process Violation, Plaintiffs Have Not**
         **Adequately Alleged Causation**

22       Defendants argue that the FAC does not adequately allege that Cook and Fong were

23   responsible for the deprivation of Plaintiffs' property.  Mot. at 10; Reply at 5.  The Court agrees.

24       To state a valid section 1983 claim, "a plaintiff must plead that each government-official

25   defendant, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556

26

27                                              12
     Case No: 5:14-CV-01218-LHK
28   ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    U.S. at 676 (emphasis added).  In other words, the complaint must "tie[] the constitutional

2    violations to the individual defendants." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th

3    Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("A

4    plaintiff must allege facts, not simply conclusions, that show that an individual was personally

5    involved in the deprivation of his civil rights.  Liability under § 1983 must be based on the

6    personal involvement of the defendant.").

7         Here, the FAC simply lumps Cook and Fong together and assumes that both were

8    responsible for denying the permit applications.  Plaintiffs make no effort to allege what role each

9    Defendant played or what actions each Defendant took.  Plaintiffs do not even allege what

10   positions each Defendant had within the DMV.  *See, e.g.*, FAC ¶ 1 (alleging that Cook and Fong

11   are "both employees of" the DMV).  Plaintiffs simply allege that "Defendants denied the permits"

12   and "Defendants deprived Novin of the use of his property."  FAC ¶¶ 12, 17.  Plaintiff does not

13   attempt to distinguish the individual conduct or roles of the Defendants, despite mentioning them

14   collectively several times.  As a result, Plaintiff has failed to state a claim under § 1983.  *See OSU*

15   *Student Alliance*, 699 F.3d at 1078 (dismissing § 1983 claims against the university president and

16   vice president because "[t]he complaint does not tie [them] to the [constitutional violation]").

17        Accordingly, the Court finds that Plaintiffs have not sufficiently alleged that Defendants

18   caused Pournadi's permit application to be denied, which is yet another basis for granting

19   Defendants' Motion to Dismiss.

20   **C.  Even If Plaintiffs Had Alleged a Due Process Violation, Cook and Fong Would Be
         Entitled to Qualified Immunity Because Plaintiffs Rights Were Not Clearly
21       Established**

22        Defendants sued in their individual capacity under § 1983 may be entitled to qualified

23   immunity.  The defense of qualified immunity protects "government officials . . . from liability for

24   civil damages insofar as their conduct does not violate clearly established statutory or

25   constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457

26   U.S. 800, 818 (1982).  A court considering a claim of qualified immunity must determine (1)

13

United States District Court
Northern District of California

whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan,* 555 U.S. 223, 232 (2009). As explained *supra*, the Court finds that Plaintiffs have not alleged the deprivation of an actual constitutional right. Even assuming that Plaintiffs have successfully identified a constitutional right, defendants Cook and Fong would still have immunity from damages if a reasonable official would have believed their conduct in denying the permits was lawful. *Pearson*, 555 U.S. at 232.

The Court concludes that Cook and Fong are entitled to qualified immunity from an individual capacity damages suit under § 1983 because they reasonably relied on their statutory authority to deny or issue car dealership permits. Courts have "held that the existence of a statute or ordinance authorizing particular conduct is a factor which militates in favor of the conclusion that a reasonable official would find that conduct constitutional." *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) (footnote omitted) (citing *Evers v. Cnty of Custer,* 745 F.2d 1196, 1203 (9th Cir. 1984), and *Malachowski v. City of Keene,* 787 F.2d 704, 713-14 (1st Cir. 1986)).

"The existence of an authorizing statute is not dispositive, however. Qualified immunity does not extend to a public official who enforces a statute that is 'patently violative of fundamental constitutional principles.'" *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999) (finding qualified immunity for official who denied a permit for failure to disclose the applicant's social security number, as required by statute) (quoting *Grossman*, 33 F.3d at 1209).

Under California Vehicle Code § 11702, the DMV may deny applications for dealership permits for "reasonable cause shown." This reasonable cause includes any of the same causes for suspending or revoking a permit, Cal. Veh. Code § 11703.1, including a violation of any provision under California Vehicle Code §§ 11700-11740. *See* Cal. Veh. Code § 11705(a)(10). The stated bases for denying Pournadi's and other tenants' permits, § 11709 and § 270.08, are therefore

14

United States District Court
Northern District of California

1  explicitly included as a permissible basis for denying a dealership permit.  Accordingly, Cook and

2  Fong acted under "a statute or ordinance authorizing [their] particular conduct."  *Grossman*, 33

3  F.3d at 1209.

4       Although Plaintiffs allege that they in fact comply with § 11709 and § 270.08, Cook and

5  Fong are entitled to qualified immunity for "mere mistakes in judgment, whether the mistake is

6  one of fact or one of law."  *Butz v. Economou*, 438 U.S. 478, 507 (1978); *Pearson*, 555 U.S. at 231

7  ("The protection of qualified immunity applies regardless of whether the government official's

8  error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and

9  fact." (internal quotation omitted)).  At best, Plaintiffs have alleged that Cook and Fong were

10  mistaken in their view that Plaintiffs' failed to comply with the cited statute and regulation.  The

11  appropriate venue for challenging that factual conclusion would have been an appeal of the denial

12  under § 11708, or perhaps through the filing of a writ of mandate in state court.  *See, e.g., Merrill*

13  *v. Dep't of Motor Vehicles*, 458 P.2d 33, 34 (Cal. 1969) (reviewing judgment granting a writ of

14  mandate commanding DMV to set aside a decision denying an application for a dealership

15  permit).  Here, Plaintiffs cannot impose personal liability on Cook and Fong for "mere mistakes in

16  judgment."  *Butz*, 438 U.S. at 507.

17       Because Plaintiffs have not shown that a reasonable officer would believe that enforcing

18  § 11709 and § 270.08 was "patently violative of fundamental constitutional principles," or that

19  Fong and Cook applied § 11709 and § 270.08 "in a manner which a reasonable officer would

20  recognize exceeds the bounds of the ordinance," Fong and Cook are "shielded from personal

21  liability."  *Grossman*, 33 F.3d at 1209-10.  The Court therefore GRANTS the Motion to Dismiss.

22  In addition, because Plaintiffs "fail[ed] to cure deficiencies by amendments previously allowed,"

23  the Court finds that further amendment would be futile and dismisses the claim with prejudice.

24  *Carvalho*, 629 F.3d at 892–93.

25  **IV. ORDER**

26       For the reasons explained above, the Court GRANTS WITH PREJUDICE Defendants'

15

27  Case No: 5:14-CV-01218-LHK

28  ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    Motion to Dismiss the FAC.  The Clerk shall close the file.

2          **IT IS SO ORDERED**.

3    Dated: June 2, 2015

4                                              _Lucy H. Koh_
                                               _____
5                                              Lucy H. Koh
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

                                        16